Good morning, Your Honors. Brian Lerner on behalf of Petitioner. I'd like to start off by mentioning a few notes regarding the case that was just submitted under 28J. First, our particular matter is distinguishable insofar as the Erdogan case dealt not with 212C statutory eligibility for 212C, but rather it dealt with whether someone could be determined to have a crime of moral turpitude. It also dealt with whether or not someone has been confined. I'm not sure I understand why they should be distinguished. Here's my thinking, and I'd like you to educate me on it. Fantalea actually did five years. What matters is whether he did five years for the crime. If he did part of that time and it wasn't for the crime, or if it wasn't five years imprisonment, it was community service, that's different. Now, he got credit for time served. If the time of pretrial detention doesn't count, he didn't do five years for the crime. But he got the benefit of the time he did on pretrial detention for the crime. That means when it comes to counting benefit, whether he's done the minimum time he needs before he can get out, he did five years for the crime. Why wouldn't he also get the burden, which is being treated as having done five years for the crime, for immigration purposes? Well, first of all, the only reason he was in pretrial detention was because he didn't have money to post bond. If he had money to post bond, he wouldn't have been there a day. True enough, but he also would not have gotten credit for time served. The only reference that the record seems to make as to the credit was given was on page 627 of the administrative record. It specifically says there are credit for time spent in custody, and then it gives a particular number. When you look at the case that was just given, it specifically says that pretrial detention cannot be counted as time served as a result of a conviction, if not credited in the judgment of conviction as time served. It doesn't seem to me that in this one page of the record, the abstract of judgment, that it says anywhere or is specific that it was credited as time served. Didn't the judge say so? Let's see, I'm looking at 627. Yes. Tell me how to read this now. Okay, 627, if you were to go down to the bottom, they're listed numerically, and then line 9, which starts date of sentence pronounced, and that's 4-9-92. You go over one more box, and it specifically says there are credit for time spent in custody, total days 800, 19 days, which is 546 for actual local time and 273 for local credit. So it does not specifically say it's for time served. And because of that, we don't know exactly why he may have been given credit. And if the judge at that time gave him credit because he happened to serve for pretrial detention, that's fine. But because we have here a case which must determine whether he was statutorily eligible for 212C or not, it doesn't seem that we should be in a position where we have to question what the judge was thinking or we have to determine if it was actually for time served or not. Why else would he have gotten the 800, 19 days? I'm not sure. Where does that figure come from? I'm sorry? Where does that figure come from? Does it correlate to anything that we know? The figure being the 800, 19 days? Right. It's in the abstract of judgment, Your Honor, which is on page 626 of the administrative record. Okay. That's the time that he was in pretrial detention. Okay. So it does correlate. It correlates one-to-one with the days that he spent in pretrial detention. 546 days of it, yes. How do we conclude there was anything but credit for his pretrial detention? These are not random numbers that just coincidentally happen to be exactly the same. That's correct, but then we have to look to the case that was submitted, and it specifically says judgment of conviction as time served, which would indicate that there must be some other ways that one can get credit for time that was previously spent in jail. Otherwise, why would they specifically say in this case that it has to be credited as time served? So are you saying this phrase here, credit for time spent in custody, that means credit for time served. It's the same meaning. Are you saying that that could be custody or time served for something else? It could be pretrial detention. I mean, it's hard to say. Well, sure, it is pretrial detention. We know that. Yes. My point. But he got credit for it. I agree. I agree. You're drawing from some language in our regime that you think ought to be read very, very narrowly. Can you tell me where that language is? Okay. If you go to Section B. So 2B. Yes. It is, the paragraph starts, our decision in Gomez-Lopez v. Ashcroft. Okay. All right. Go down about halfway where it starts, certainly pretrial detention cannot be counted as time served as a result of a conviction if not credited in the judgment of conviction as time served. Or if the defendant is not convicted of the specific crime. Right. Which doesn't apply here. Okay. I'm not sure how technically that ought to be read. That just tells us if the judge doesn't give you credit for the time that's served, we won't count it. That seems like a perfectly fair, very common sense rule. It's pretty apparent here that your client got credit down to the precise day that we know that he was in pretrial detention. It seemed like a good idea at the time, didn't it? Well, I agree, except if we look at the time that he actually served in jail, which was after the conviction, which was four years and some amount of days, and if we look at the actual time that he was supposed to serve, which was ten years, okay, if you take the ten years minus the pretrial detention, it doesn't equal the exact amount that he actually served. So, again, we're left with why did he get credit? Right. What you're suggesting is that he didn't have to serve the full ten years. Exactly. But he did serve more than five. Well, he was in pretrial detention. Right. When we consider his pretrial detention, which is mentioned in the judgment, the precise number of days that he served in pretrial is mentioned in the judgment. The fact that he served more than five and less than ten, it seems irrelevant, doesn't it, for our purposes? Well, the question would be, then, if somebody had... You're certainly not arguing that your guy should not have gotten out of jail until he had served the full ten, are you? No, no. Okay. You're just saying, let's see, the question is whether to count the time he served before conviction as part of the ten years. Yes. Is that right? Yes. And I still, I just can't get my mind around, why not? Why wouldn't you, since the judge said he's giving him credit for it against the ten years? Well, the question I go back is to the case. Why would they specifically say as time served? Why would they not just leave that out? If it was just crediting any amount that was in prior detention... Well, that's what it's traditionally called in criminal courts, credit for time served. The judge uses that phrase so that if you've spent a year or two in jail waiting for your trial and then you're sentenced to another ten years, you don't do 11 or 12. Right. I understand. The point here that I'm also trying to make is that if somebody happened to have $2,500 to pay the bail or whatever it happened to be and get out, why should they have the protection and not... Well, they may not get the protection. They're going to get the five years on the other end. Your guy is fortunate in this respect that at least the time that he served when he couldn't make bail, the judge was kind enough and responsible enough to give him credit for on the other end of his sentence so that he didn't have to serve additional days in jail before they let him out. That's correct. I thought if he'd bailed out, then after the date that the judge sentenced him, when his conviction was final and he was sentenced, he'd do six or seven or eight years in jail instead of four. I think that's possibly a supposition. We don't know exactly when he might have gotten out, if it was for good behavior or whatever the reasons are that they would have let him out earlier. Well, you get good time and you get parole. Yes, but 212C is very specific. It says time served for the aggravated felony. It doesn't say time served plus pretrial detention plus anything you might have served. Oh, I get it. So like if he had done two years for something entirely unrelated, possession of marijuana, and the judge said, well, I'm going to give you credit for the two years you've served for the possession of marijuana against this 10-year felony that I've got you here on now. That argument would make sense to me, but I don't see what foundation there is for it in this record. Okay, I think I have to reserve. I don't have any more time left. Could you answer the question and we'll give you a minute for rebuttal anyway? Okay, thank you. I'd like to, on rebuttal, I suppose, talk a little bit about rest judicata. Okay, thank you. Thank you, counsel. Good morning. May it please the Court, my name is Jesse Bless. I represent the Attorney General of the United States. Is there anything in the record so that he could have done his time before the conviction for something else? No, and that fact was never disputed during the administrative proceedings. In fact, the criminal alien bar, which applies in this case because the petitioner is an aggravated felon under 242-HEC, would preclude this Court from making factual findings in the first instance. So that fact understood below to be undisputed, that the credit he received was actually counted as part of his conviction, is a fact that is beyond dispute. I don't think you understood my question. Could it have been for anything else? Yes. I can't imagine it would. Every other court to have addressed this issue that has looked at it and when the credit has been as time served is always counted as part of the term of imprisonment. I don't think you understood my question. Sometimes when you do criminal defense you represent people who are constantly getting in trouble. And every now and then the judge will cut them some slack. So they're in jail for one thing and then they get out. And they're in jail for another thing. And while they're in jail somebody snitches and they get convicted of a third thing. And sometimes the judge cuts them a little slack and gives them credit for the time they served for the second thing against the third thing. And I'm wondering if there's anything in the record here that would suggest or allow for the possibility that the time served that he got credit for was for something different than the 10-year felony conviction at issue. Absolutely not. The time served was for his conviction for the crime which he was held in pretrial detention. It's one crime. There was never a second criminal offense charge or a second, you know, under your circumstances a scenario where he was earlier charged with something, acquitted and then charged and convicted of something else and somehow given credit for the period of pretrial detention for another crime. That circumstance is not presented in this case at all. In fact, what happened was he was given credit for 546 days he spent in pretrial detention. As the Seventh Circuit noted, addressing Petitioner's argument that, you know, well, if he was released, you know, we wouldn't be in this situation. Well, as this Court recognized in Moreno and the Seventh Circuit, they addressed it. They said, well, that wouldn't be true because he would have not had that opportunity to receive that credit and it would have been added on later. And that's generally understood. And as Spina in the Second Circuit, which Aragon relied on wholeheartedly and which addressed the precise issue in this case, whether to credit time spent in pretrial detention, they said, you know, it's generally understood. And we've looked at every federal statute, every state law statute, and when time is credited, the time you spend in pretrial detention is credited and it counts as the term of imprisonment. And that is the issue before this Court today. You know, the Petitioner alluded to this res judicata argument. And Petitioner's brief suggests that when he made a motion for summary judgment before the Board, it precluded the Board from finding Petitioner ineligible for relief. And that doesn't really suggest a res judicata. Could you help me on that? I don't really understand Board procedures. I hadn't seen a Rule 56 summary judgment before the Board before. Do they do that? No, neither have I. I mean, it's an appellate body and, you know, summary judgment is a trial motion. Well, I know that, but I don't know the rules. Do they do summary judgment? Do they have rules? No. I mean, nothing in the procedure allows for a summary judgment type. So there's no reg that provides for summary judgment before the IJ or BIA? No. Is there any general reg that says that the federal rules of civil procedure apply? No. In fact, they do not. The Board's procedures are laid out, the regulations, and they basically, you know, I don't need to go through them here. They're quite comprehensive, but nothing would suggest. And even if they did, as our brief made the point, even if they did, you know, summary judgment would just say you have to take the facts as true. Now, this is a legal question that, you know, regarding his eligibility. So, you know, a motion for summary judgment in this case. I'm not so interested in even if they did. What I really want to know is do they have any kind of summary judgment practice before the IJ or BIA? No. What happens is a person files an appeal. Now, the Board, it really relates to what the issue is usually a matter of can the Board streamline the case? You know, but nothing can expedite a ruling. So what the rule would be is a suggestion by the asylum seeker or other petitioner that the Board streamline his case? Right, and streamline it to remand, I would guess, or move for an expedited decision in this case. You know, so no, that's not. But certainly in this case, the Board wasn't precluded from addressing the issue in the first instance. And I would address this Court to a prior decision, Valencia-Alvarez. It's a 2006 case by the Ninth Circuit where they really do a really good job. This Court did a really good job of summarizing exactly what res judicata is. You know, in this case, before the Board addressed the issue, there was never a final judgment rendered on the merits in a separate action regarding the petitioner's eligibility. In fact, there was a remand. I suppose what he's really doing is trying to establish the law of the case. Right. But, you know, in this case, the immigration judge initially found him ineligible prior to the St. David felon. As many of these cases still happen back in 1996 and 1997, it went up. The law changed. Remand went down without addressing the five-year bar. And the IJ below, you know, by the time it got to them, the government generously argued that, hey, this guy, even if he could show reliance, which was the law back then, at the time of his plea, he served more than five years. And so now the Board has addressed it, which is before you today. Well, a five-year bar wasn't a new thing, was it? That was not a new thing. No, it was not. I mean, I remember reading the IJ's statement of extreme annoyance at the fact that the government doesn't oppose a remand, and the remand is to see whether he can get this relief. And then finally, after some years, the government comes in and says, oh, well, he's barred anyway. Yeah. And there certainly was a – the Board ordered remand a week before, you know, government kind of caught itself. But in terms of whether the Board subsequently – I mean, the statute specifically states it shall not. I understand. It cannot, you know, cannot grant, you know, someone a relief who's not eligible for it by law. There are no further questions on this. Thank you. Thank you, Counsel. Okay. First, just a small issue. He pled guilty to one of the counts, but there was initially three counts. So we don't know 100% at this point if the pretrial detention was specifically for what crime he pled guilty to or if it was for any of the other matters. They were all charged together, right? Same time? They were all charged together. Now, as far as – So it would have only been one bail proceeding for all three. That's correct. Okay. So it's a unified pretrial detention proceeding. Yes. Yes. Now, under – It would be very hard for us to – I mean, this is brand new, all this. Yes. It came up in this argument, and I don't know how we could possibly make a ruling on that with no record to support it. Okay. On the res judicata issue in the Ninth Circuit, Pendroza v. Gonzales, 475F3D, 1358, specifically says that res judicata applies to removal proceedings. And so the issue then is why would the government be allowed to bring in this entirely new argument, second round? I think Judge Canby is right that this is not really a matter of res judicata. You really want to argue that it's law of the case, that it's been decided in the same case and therefore can't be contested later on. This was an interim proceeding. It raises a number of questions in my mind, the first being, is this a finding of fact or is this a conclusion of law? And if it is a conclusion of law, haven't subsequent developments, such as Arreguin, undone anything that the I.J. thought? I believe it's a combination of fact and law. And while Your Honor says that it's an interim decision, I mean, the government had the opportunity to present everything they wanted before the immigration judge made a decision. I think what you're saying is that if an I.J. makes a mistake in favor of the petitioner, then the petitioner is entitled to say, ah, law of the case, it's all over, DHS can't appeal to the BIA. I'm not saying if the judge makes a mistake. It was the responsibility of the service to bring up their arguments, and they did not. So why should they be allowed to bring it up second go around? They didn't bring it up at a time when it was clear that there wasn't yet a final judgment and it was going to be remanded to the I.J. on another basis. So I think the essence of your argument is the board, or the DHS, could have objected at that time. They did not object and allowed it to go back to the I.J. for further proceedings. At that point, there was no final judgment. Well, in Pendroza v. Gonzalez, a notice to appear was issued. There were certain allegations that the government put. They could have put them all, and it went up and then it came down again, same type of thing, and then they put in a second notice to appear with different allegations, and they ruled in that case that res judicata applies. Again, it wasn't just like this case. It went up and it went down. So if this were permitted to go up and down and up and down and make the arguments whenever they wanted to, there would be no finality to any of the judgments that the immigration judges would make. Okay, thank you very much. Thank you, counsel.
judges: Canby, Kleinfeld, Bybee